PERRYMAN SALES COMPANY, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Perryman Sales Co. v. Commissioner
Docket No. 16565-90
United States Tax Court
T.C. Memo 1992-74; 1992 Tax Ct. Memo LEXIS 80; 63 T.C.M. (CCH) 2008; T.C.M. (RIA) 92074; February 6, 1992, Filed *80 An order of dismissal for lack of jurisdiction will be entered. Michael D. Bolen, for petitioner. Bonnie L. Cameron, for respondent. DAWSON, PETERSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case has been assigned to Chief Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Chief Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Chief Special Trial Judge: This case is before us on respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not filed with this Court within the time prescribed by section 6213(a). The only issue for decision is whether the petition was timely filed. Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Sec.
Sec.   Sec.   Sec.   Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6653(b)(1)
1981
$  6,581 $ 1,645
$   329
50% of the
---
interest due
on $ 6,581
1982
37,002 9,251
2,747
50% of the
---
interest due
on $ 37,002
1985
242,449
---
---
---
$ 132,031
*81 Additions to Tax
Year
Sec.   Sec.
6653(b)(2)
6661
1981
---
---
1982
---
$ 9,250
1985
50% of the
60,612
interest due
on $ 242,449
Respondent mailed a notice of deficiency to petitioner on April 11, 1990. The notice was sent to its last known address by certified mail. Petitioner had 90 days from the date the notice was mailed, or until July 10, 1990, to file a timely petition with this Court. Sec. 6213(a). Petitioner filed its petition on July 23, 1990, or 13 days after the 90-day period expired. Petitioner resided in Conyers, Georgia, at the time the petition was filed. The petition was deposited for mail in a U.S. Postal Service pick-up box near Norcross, Georgia, and was mailed in an envelope bearing a private postage meter postmark dated July 10, 1990. The petition was processed for mail delivery by the U.S. Postal Service in Atlanta, Georgia. Ordinary mailing time from Atlanta, Georgia, to Washington, D.C., is two or three days. The petition was deposited in the pick-up box by petitioner's counsel. On August 20, 1990, respondent filed a motion to dismiss the petition for lack of jurisdiction. Petitioner failed to file any objections to respondent's *82 motion. On October 4, 1990, respondent's motion to dismiss the petition for lack of jurisdiction was granted. On October 26, 1990, petitioner filed a motion to vacate and set aside this Court's order of dismissal. On January 7, 1991, petitioner's motion to vacate and set aside the order of dismissal was granted. Argument on respondent's motion to dismiss the petition for lack of jurisdiction was subsequently calendared for, and heard, on January 9, 1991. In these circumstances a taxpayer must file a petition in this Court for redetermination of a deficiency within 90 days after the notice of deficiency is mailed. Sec. 6213(a); . A petition not filed within the 90-day period must be dismissed for lack of jurisdiction. ; . However, under section 7502(a), a petition mailed in an envelope bearing a U.S. Postal Service postmark date falling within the 90-day period is deemed to be filed on the date of the postmark. . *83 Under section 7502(b), a similar rule applies to a petition mailed in an envelope bearing a private postage meter postmark, but only to the extent provided for in regulations prescribed by the Secretary. Since the petition was mailed in an envelope bearing a private postage meter postmark, we must examine the appropriate regulations to determine whether the petition was timely filed. The conditions under which the general rule of section 7502(a) applies to private postage meter postmarks are set forth in section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. This regulation has been held to be valid. , affg. per curiam ; , affd. per curiam . Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., provides that a privately metered envelope bearing a postmark within the 90-day period is considered timely filed if received within the ordinary delivery time for mail postmarked at the same place of origin by the U.S. Postal Service. Based on this record, *84 we find that the ordinary delivery time for mail traveling from Atlanta, Georgia, to Washington, D.C., is two or three days. Although the envelope containing the petition bore a private postage meter postmark falling within the 90-day period, the petition was not received until 13 days later, which is not within the ordinary delivery time. Nonetheless, section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., and relevant case law provide that the petition will still be considered timely filed if petitioner can prove the following: (1) That the petition was actually deposited in the mail prior to the last collection of the mail from that mailbox on July 10, 1990; (2) that the delay in receiving the petition was due to a delay in the transmission of the mail; and (3) the cause of the delay in transmission of the mail. Rule 142(a); ; ; We conclude that petitioner is unable to sustain its burden of proof on this record. Assuming that the petition was actually deposited in the mail prior to the last collection on July 10, *85 1990, petitioner has not established either of the remaining conditions, i.e., that the delay in receipt of the petition was due to delay in the transmission of the mail, or the cause of such delay. Indeed, rather than indicating delay, the record indicates that on July 10, 1990, mail volume at the originating postal facility was average, and there were no significant operational breakdowns. The Court agreed to keep the record open for 14 days in order to provide petitioner with the opportunity to determine and explain the cause of any such delay by means of a postal investigation, but petitioner failed to provide any additional evidence in this matter. Accordingly, respondent's motion will be granted, and this case will be dismissed for lack of jurisdiction on the ground that the petition was not timely filed. An order of dismissal for lack of jurisdiction will be entered.